UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YEKITA C. DIGGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN EXPRESS CO.,<br><br>　　　　Defendant. | Case No. 3:24-cv-2428-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a motion to proceed in forma pauperis ("IFP"). (Doc. 8). The Plaintiff filed his motion on November 4, 2024.

The Plaintiff's claims can be grouped into three categories. First, that the Defendant denied the Plaintiff's credit application for discriminatory reasons. Second, that the Defendant failed to adequately inform the Plaintiff of the reason for denying his credit application. Third, that the Defendant accepted by acquiescence the Plaintiff's credit application and, therefore, he is entitled to credit.

The Plaintiff has not paid the filing fee in this case. He moves to proceed IFP. To qualify for IFP, the Plaintiff must show that he is indigent and that his claims are not clearly frivolous. Failure to plead a plausible or intelligible claim is fatal for an IFP motion even if the petitioner can establish his or her indigence.

Here, the Court need not assess whether the Plaintiff is indigent because his lawsuit fails the second prong of the IFP inquiry—his claims are clearly frivolous.

His first and second claims can be addressed together. The Plaintiff claims both that the Defendant denied his credit application for discriminatory reasons and that they failed to inform

him of their reasons. However, in those same documents, the Plaintiff claims that his credit application was denied on the basis of his credit report and that denying his application on this basis is discrimination. (Doc. 6, 8). In one breath, he claims that the Defendant provided no reason on why he was denied, yet in the other, states that he was denied for having poor credit. The Plaintiff also claims he was discriminated against on the basis of a protected characteristic, cites a list of protected characteristics—notably absent in his list of protected characteristics is poor credit reports—yet he asserts that having poor credit is a protected characteristic. Here, the Plaintiff's claims are self-contradictory and self-defeating. Credit scores are not a protected characteristic. There is no indication that the Plaintiff was discriminated against.

Turning to his third claim—that the Defendant tacitly acquiesced to a contract with him by failing to respond within the time he demanded—the Plaintiff's claims are obviously frivolous. The Plaintiff argues that in some situations, silence can be acceptance. While silence can amount to acceptance in some cases, the Plaintiff does not understand that the situations where silence can be acceptance are narrow, usually involve a preexisting and preestablished business relationship between the parties, and usually are limited to contracts governed under the UCC for goods—not contracts for services governed by the common law.

The Plaintiff believes he can compel the Defendant to respond to him in an arbitrary time frame or provide him with credit. The Defendant is under no obligation to provide the Plaintiff with a response nor is the Defendant bound by a contract they did not consent to. The Defendant already denied the Plaintiff's application, there is no basis for the Plaintiff to believe that failing or refusing to respond to his counteroffer indicated acceptance. Had the Defendant been silent but provided the Plaintiff with a credit card, the Plaintiff may have some highly-precarious footing to argue that his counteroffer was accepted—but that is not the case here. The Defendant

gave no indication it would consent to the Plaintiff's terms, in fact, the Defendant indicated it rejected the Plaintiff on the Defendant's *own* terms. If the Defendant rejected the Plaintiff when the Defendant themselves created the terms, there is no reason to believe the Defendant would consent to terms that were even *less* favorable to them.

This case is obviously frivolous. It is a transparent attempt by the Plaintiff to strongarm the Defendant into providing them with a line of credit, with terms dictated by the Plaintiff, in spite of the Defendant's refusal. The Court will not and cannot compel the Defendant to provide a service against their consent and neither can the Plaintiff.

## CONCLUSION

Finding that the Plaintiff's suit is meritless, the Court hereby **DENIES** the Plaintiff's motion to proceed in forma pauperis. (Doc. 8). The Plaintiff is hereby ordered to pay the filing fee within thirty days of the entry of this order. Failure to pay the filing fee by January 10, 2025, will result in dismissal of this suit.

**IT IS SO ORDERED.**
**DATED:  December 11, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**