UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

YEKITA C. DIGGS,

       Plaintiff,

  v.

AMERICAN EXPRESS CO.,

       Defendant.

Case No. 24-cv-2428-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court following its denial (Doc. 12) of plaintiff Yekita C. Diggs's motion for leave to proceed *in forma pauperis* (Doc. 8). The Court denied Diggs pauper status because his claims were frivolous.

Diggs objected to the order, which the Court now construes as a motion for reconsideration (Doc. 13). "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Pittman ex. rel Hamilton v. Madison Cnty.*, 108 F.4th 563, 572 (7th Cir. 2024) (declining to apply doctrine), *cert. denied*, 145 S. Ct. 1154 (2025); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against

1

reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as, for example, substantial new evidence not available earlier or a manifest error or a change in the law that reveals the prior ruling was erroneous.  *Pittman*, 108 F.4th at 572; *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Diggs asserts that the denial of *in forma pauperis* status infringes on his First Amendment right to petition the Court, his Seventh Amendment right to a jury trial, the separation of powers doctrine, his Fifth Amendment due process rights, and various other legal principles.  However, he provides no justification for revisiting the Court's finding his pleading frivolous. Accordingly, the Court **DENIES** his motion for reconsideration (Doc. 13).

Having found Diggs's claims frivolous, the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B) and (C) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  August 21, 2025**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**